IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEAL EUGENE McDONALD )
)
Petitioner, )
)
v. )   Civil Action No. 1:25-cv-3170-LKG
)
)   Dated: January 6, 2026
WARDEN OF NORTH BRANCH )
   CORRECTIONAL INSTITUTION, )
ATTORNEY GENERAL OF MARYLAND, )
)
Respondents. )

## MEMORANDUM

    Petitioner Neal Eugene McDonald filed the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that detainers lodged by the State of Virginia with the State of Maryland should have been withdrawn due to the fact that he was not brought to trial within 180 days after his formal request was made pursuant to the Interstate Agreement on Detainers Act ("IAD"). ECF No. 1. After observing that one of the detainers McDonald referenced was connected with charges that had been dismissed, this Court directed Respondents to respond to the Petition.[1] ECF No. 4.

    Respondents filed an Answer explaining that Maryland Division of Correction ("DOC") received detainers for criminal charges against McDonald from Arlington and Fairfax Counties, Virginia while he was serving a 10-year sentence imposed by the Circuit Court for Montgomery County, Maryland. ECF No. 8-1; ECF No. 8-3. The Arlington County case (case number GC22002598-01) was dismissed on August 11, 2025, and was removed from his Maryland record on that date. ECF No. 8-3. The Fairfax County detainer, however, remained active

---

[1]    McDonald filed a Motion to Amend this Court's Order to include a directive to Respondents to address all detainers filed by the State of Virginia. ECF No. 6. Respondents have done so. ECF No. 8. The motion is therefore moot and will be denied.

notwithstanding McDonald's request for disposition because it is an arrest warrant not subject to the requirements of the IAD. *Id.*

The IAD is an agreement among 48 states, the District of Columbia, and the United States that "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 148 (2001). The agreement has several provisions, Article III requires a prisoner sent from the state or jurisdiction where he is incarcerated to a state or jurisdiction where he or she faces new charges (the receiving state) to be brought to trial within 180 days. IAD §2, Art. III(a). Article III of the agreement does not apply to all detainers; rather, the detainer must pertain to "any **untried indictment, information, or complaint**." For example, it is well established that the speedy trial provision of Article III does not apply to a detainer for a violation of probation because it is not an untried indictment, information, or complaint. *See Carchman v. Nash*, 473 U.S. 716, 725 (1985) (holding that Art. III of the Interstate Agreement on Detainers does not apply to detainers based on a violation of probation).

Here, McDonald's only active detainer was based on an arrest warrant which is insufficient to invoke the Article III provision of the IAD. *See United States v. Bottoms*, 755 F.2d 1349, 1350 (9th Cir. 1985) (holding "arrest warrant" does not qualify as "untried indictment, information, and complaint" as used in IAD), *see also Locklear v. Commonwealth*, 7 Va. App. 659, 664, 376 S.E.2d 793, 796-7 (1989) (same), *compare State v. Smith*, 316 Md. 223, 230, 557 A.2d 1343, 1347 (1989) (holding arrest warrant coupled with statement of charges is enough to invoke IAD provisions). Thus, his formal request for disposition sent pursuant to the IAD was of no legal consequence as there was no obligation to bring him to trial within 180 days as required by the IAD.

Because McDonald's claims are without merit, the petition must be dismissed on that basis and Respondents remaining argument regarding exhaustion of state remedies will not be addressed. McDonald's Motion for Temporary Restraining Order (ECF No. 7), which represents a continuation of his misunderstanding of the applicability of the IAD to the detainer in question, shall be denied.

A separate Order follows.

1-6-2026
Date

LYDIA KAY GRIGGSBY
United States District Judge